UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

CROCHEN RIVERS,

      Plaintiff,

  v.

COLUMBIA SUSSEX CORPORATION;
WHG LLC; and WESTMONT
HOSPITALITY GROUP,

      Defendants.
_____/

NO. CIV. 12-1087 WBS AC

<u>MEMORANDUM AND ORDER RE:
MOTION TO DISMISS</u>

----oo0oo----

       Plaintiff Crochen Rivers brought this suit against Columbia Sussex Corporation ("Columbia Sussex") and later amended its pleadings to include WHG LLC and Westmont Hospitality Group (together, the "Westmont defendants"), in connection with the termination of his employment as a security guard at a hotel owned by defendants. Currently before the court is the Westmont defendants' motion to dismiss for failure to exhaust administrative remedies under Federal Rule of Civil Procedure 12(b)(1) and failure to state a claim under Rule 12(b)(6).

1

(Docket No. 25.)

I.   <u>Relevant Facts and Procedural Background</u>

      Plaintiff originally brought this action against Columbia Sussex in the Superior Court of California for the County of Sacramento on March 3, 2012. (Notice of Removal Ex. A ("Compl.") (Docket No. 1).)  Columbia Sussex removed the case to this court on April 25, 2012.  While plaintiff originally brought suit only against Columbia Sussex, upon stipulation between plaintiff and Columbia Sussex the court granted plaintiff leave to file the First Amended Complaint ("FAC"), which included allegations against the Westmont defendants.  (Docket No. 15.)

      In the FAC, plaintiff, who is sixty-two years old, alleges that he was hired as a security guard at the Hilton Sacramento Arden West ("HSAW") located at 2200 Harvard Street, Sacramento, California, on or about June 15, 2007.  (FAC ¶¶ 8-9.)  At the time, HSAW was allegedly owned by Columbia Sussex.  (<u>Id.</u>)

      On or about March 26, 2010, plaintiff alleges that he took medical leave in order to seek medical treatment for a severely injured left foot.  (<u>Id.</u> ¶ 10.)  He alleges that he was entitled to leave under the Family and Medical Leave Act ("FMLA") until June 18, 2010, but that a Columbia Sussex employee, Melissa Bass, informed him that he would be "separated from employment" if he did not return to work by June 18, 2010.  (<u>Id.</u> ¶¶ 10-11.)  Plaintiff allegedly requested modified duty until he was authorized by his treating physician to return to work without restrictions, but Ms. Bass failed and refused to respond.  (<u>Id.</u> ¶ 12.)  Plaintiff was allegedly terminated on June 19, 2010.  (<u>Id.</u>)

      Plaintiff's counsel allegedly sent Ms. Bass a letter

2

informing her that plaintiff believed he had been wrongfully terminated by Columbia Sussex on the basis of physical disability, that Columbia Sussex failed to engage in the interactive process to grant reasonable accommodation, and that plaintiff had been the subject of retaliation, all in violation of the California Fair Employment and Housing Act ("FEHA"). (Id. ¶ 13.) Plaintiff's counsel was allegedly contacted by a Columbia Sussex representative and the parties discussed plaintiff's concerns. (Id. ¶ 14.) On or around August 11, 2010, plaintiff alleges that he received a letter from Howard Harris, the general manager of HSAW, which stated that plaintiff was still employed by Columbia Sussex, but contained no information as to why the June 19, 2010 termination notice had not ended the employment relationship. (Id. ¶ 15.)

On or around September 29, 2010, plaintiff alleges that his counsel sent a letter to Mr. Harris informing him that plaintiff had been cleared for work by his physician, and requested that plaintiff be given a pay increase and an assistant on an as-needed basis. (Id. ¶ 16.) Mr. Harris allegedly responded by denying both the request for an assistant and the request for a salary increase. (Id.) Plaintiff's counsel allegedly sent Mr. Harris a letter accepting reinstatement and also informed him of plaintiff's intent to file a complaint with the California Department of Fair Employment and Housing ("DFEH") for discrimination due to physical disability and failure to engage in the interactive process to grant reasonable accommodation. (Id. ¶ 17.) Plaintiff allegedly returned to work at HSAW in late October 2010. (Id.)

3

When returning to work, plaintiff was allegedly scheduled for twenty-four hours per week, when before his alleged termination in June 2010, he worked approximately forty hours per week. (Id. ¶ 18.) On or about December 28, 2010, plaintiff allegedly received a written warning from a supervisor, Melissa Dunson, for ignoring instruction from another supervisor. (Id. ¶ 19.) Plaintiff alleges that he did not ignore any instructions. (Id.) On or around the same date, December 28, 2010, plaintiff's counsel allegedly sent Mr. Harris a letter informing him that plaintiff believed the December 28, 2010 warning and reduction in hours was retaliatory under FEHA. (Id.)

On or about March 9, 2011, WHG allegedly purchased HSAW from Columbia Sussex. (Id. ¶ 9.) Plaintiff alleges that on or about March 31, 2011, he reported to work in expectation of attending an orientation meeting with WHG for HSAW's employees. (Id. ¶ 20.) Ms. Dunson allegedly told plaintiff that his services were no longer needed, and he was not allowed to attend the orientation. (Id.) Plaintiff alleges that WHG took over day-to-day operations of HSAW on or about April 1, 2011. (Id. ¶ 9.) WHG allegedly hired HSAW's employees en masse, with the exception of plaintiff. (Id. ¶¶ 9, 21.)          On or about April 7, 2011, April 14, 2011, and March 8, 2012, plaintiff filed administrative complaints against Columbia Sussex with the DFEH. (Id. ¶ 29, Ex. A.) He received letters from DFEH closing his case and issuing right-to-sue notices on or about the same dates, as plaintiff apparently requested the immediate right to sue. (See id. ¶ 30, Ex. B.)

Plaintiff brought claims under FEHA against all

4

defendants for: (1) retaliation; (2) discrimination due to age and physical disability; (3) failure to engage in the interactive process and make reasonable accommodation; and (4) termination in violation of public policy.  (Id. ¶¶ 31-68.)

Plaintiff and Columbia Sussex have filed a notice of settlement and stipulation of dismissal.  (Docket Nos. 16 & 20.) The court dismissed the action against Columbia Sussex with prejudice on February 15, 2013.  (Docket No. 21.)

II.  Discussion

A.  Exhaustion of Administrative Remedies

Under Federal Rule of Civil Procedure 12(b)(1), a complaint must be dismissed once it is determined that a court lacks subject matter jurisdiction to adjudicate the claims.  Fed. R. Civ. P. 12(b)(1).  The court presumes a lack of jurisdiction until the party asserting jurisdiction proves otherwise, and, once subject matter jurisdiction has been challenged, the burden of proof is placed on the party asserting that jurisdiction exists.  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 376 (1994); Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986) (holding that "the party seeking to invoke the court's jurisdiction bears the burden of establishing that jurisdiction exists").

The Ninth Circuit has held that "substantial compliance with the presentment of discrimination complaints to an appropriate administrative agency is a jurisdictional prerequisite."  Sommatino v. United States, 255 F.3d 704, 709 (9th Cir. 2001).  "In cases where a plaintiff has never presented a discrimination complaint to the appropriate administrative

5

authority, [the Ninth Circuit] ha[s] held that the district court does not have subject matter jurisdiction." Id.; see Martin v. United Auto Workers Union, Local 6645, 143 Fed. App'x 11, 12 (9th Cir. 2005) ("The district court properly concluded that Martin's FEHA claims against UAW were also barred because she did not first raise these claims with the DFEH.").

Section 12960 of the California Government Code provides that:

> any person claiming to be aggrieved by an alleged unlawful practice may file with the department a verified complaint . . . that shall state the name and address of the person, employer, labor organization, or employment agency alleged to have committed the unlawful practice complained of, and that shall set forth the particulars thereof.

Cal. Gov't Code § 12960(b). If DFEH decides not to take action against an employer due to the filing of a complaint, or if the complainant requests the immediate right to sue, DFEH issues a "right-to-sue letter," which "permits the plaintiff to bring a civil action 'against the person, employer, labor organization, or employment agency named in the verified complaint within one year from the date of such notice.'" Martin v. Fisher, 11 Cal. App. 4th 118, 121 (2d Dist. 1992).

"It is clear under California law that exhaustion of the FEHA administrative remedy is a precondition to bringing a civil action under the FEHA." Chavira v. Payless Shoe Source, 140 F.R.D. 441, 443 (E.D. Cal. 1991) (citing Rojo v. Kliger, 52 Cal. 3d 65, 83 (1990)). While "[a]dministrative charges are to be construed liberally because they are often drafted by claimants without the assistance of counsel," Nazir v. United Airlines, Inc., 178 Cal. App. 4th 243, 266-67 (internal quotation

6

marks and citation omitted), the failure to name a defendant in either the body or caption of the administrative complaint, "is fatal to the right to bring an action against them in the trial court," Valdez v. City of Los Angeles, 231 Cal. App. 3d 1043, 1061 (2d Dist. 1992); see Medix Ambulance Serv., Inc. v. Superior Court, 97 Cal. App. 4th 109, 116 (4th Dist. 2002) (noting that "[n]or is there any authority for plaintiff's unsupported argument that the doctrine of alter ego somehow obviates compliance with the statutory requirements [to identify the defendant in the administrative complaint]," and dismissing the action for failure to identify the individuals who were allegedly alter ego defendants); Johnson v. United Cont'l Holdings, Inc., NO. C-12-2730 MMC, 2013 WL 1758760, at *3 (N.D. Cal. Apr. 24, 2013) (dismissing FEHA claims against United Continental Holdings ("UCH") when UCH was not named in the administrative complaint), reconsidered on different grounds 2013 WL 2252030 (N.D. Cal. May 22, 2013).

"To exhaust [a plaintiff's] administrative remedies as to a particular act made unlawful by [FEHA], the claimant must specify that act in the administrative complaint, even if the complaint does specify other cognizable wrongful acts." Martin v. Lockheed Missiles & SPace Co., 29 Cal. App. 4th 1718, 1724 (6th Dist. 1994).  Claims that are not reasonably related to a DFEH claim and are not are likely to be uncovered in the course of a DFEH investigation are barred by the exhaustion of remedies doctrine. Okoli v. Lockheed Techical Operations Co., 36 Cal. App. 4th 1607, 1617 (6th Dist. 1995).

Ultimately, "[t]he function of an administrative

7

complaint is to provide the basis for an investigation into an employee's claim of discrimination against an employer, and not to limit access to the courts." Martin v. Fisher, 11 Cal. App. 4th at 122.

Here, plaintiff filed three DFEH administrative complaints. The second and third administrative complaints filed on April 14, 2011 and March 8, 2012 are the ones allegedly related to the Westmont defendants' conduct. In the April 14, 2011 administrative complaint, plaintiff stated that "on or before 03/31/2011," wrongful termination, harassment, denial of accommodation, and retaliation due to age and engaging in protected activity occurred. (FAC Ex. A.) This alleged wrongful conduct occurred "by Columbia Sussex Corporation." (Id.) In stating his believed reasons for discrimination, plaintiff provided that "retaliation for protesting Columbia Sussex's failure to engage in the interactive process to make reasonable accommodation, retaliation for taking medical leave, [and] retaliation for complaining about disability discrimination." (Id.) The March 8, 2012 administrative complaint makes similar claims, but includes "disability" as a cause for the discrimination and alleges that Columbia Sussex failed to "engage in the interactive process to make reasonable accommodation." (Id.) Both administrative complaints list Columbia Sussex's address as 2200 Harvard St., Sacramento, California, which is the address of HSAW. (Id.) The administrative complaint does not, however, mention the Westmont defendants in either the caption or the body of the administrative complaint, nor did plaintiff check the box for "denial of employment."

1        Here, plaintiff failed to identify any of the Westmont
2 defendants in the administrative complaint, despite the fact that
3 plaintiff was knowledgeable enough to name Columbia Sussex by its
4 correct corporate name and not simply "HSAW" or "Hilton
5 Sacramento Arden-West."  Plaintiff was invited to a presentation
6 by the Westmont defendants regarding their impending takeover on
7 the same day he was terminated, and plaintiff filed his
8 administrative complaints <u>after</u> the Westmont defendants' alleged
9 takeover.  Plaintiff includes no allegations that the Westmont
10 defendants were ever his employers, nor did plaintiff argue so
11 during the hearing on this motion.
12        Thus, this is not a case where the plaintiff
13 encountered difficulty determining the correct party to name in
14 the administrative complaint, such as when a plaintiff names the
15 fictitious business name of his employer but not the true
16 employer.  <u>See, e.g.</u> <u>Thompson v. George DaLallo Co., Inc.</u>, No.
17 CIV. S-12-1058 LKK/CMK, 2013 WL 211204, at * 8-9 (E.D. Cal. Jan.
18 16, 2013).  Rather, this is a case where it appears that
19 plaintiff on notice of all the necessary facts relating to the
20 Westmont defendants' involvement in the allegedly wrongful acts,
21 but he failed to include them in the complaint.  It cannot be
22 said that plaintiff has been denied access to the courts to
23 pursue his claim against the alleged wrongdoer named in the
24 administrative complaint--plaintiff settled with Columbia Sussex
25 and stipulated to having the claims against it dismissed.
26        Furthermore, even if the plaintiff's administrative
27 complaint could be interpreted to adequately identify the
28 Westmont defendants, plaintiff would be precluded from bringing a

9

claim against them due deficiencies in the types of claims included in the administrative complaint. Plaintiff's settlement with Columbia Sussex and the court's subsequent dismissal of the claims against Columbia Sussex with prejudice would preclude any claim regarding plaintiff's termination, failure to engage in the interactive process, and retaliation. The settlement and dismissal likely precludes liability for Columbia Sussex under an alter ego theory.

Plaintiff's only viable claim against the Westmont defendants, therefore, would appear to be a failure to hire claim. Cf. Veronese v. Lucasfilm Ltd., 212 Cal. App. 4th 1, 29 (1st Dist. 2012) (holding that the trial court erred when it failed to distinguish between a termination claim and a failure to hire claim when instructing a jury). Yet plaintiff never checked the box for "denial of employment" on the administrative complaint, nor did plaintiff include facts in the body of the complaint, such as allegations that he was "refused employment," that would lead DFEH to investigate wrongful failure to hire by the Westmont defendants. Cf. Dirks v. The Permanente Med. Grp., Inc., Civ. No. 2:09-03399 JAM EFB, 2010 WL 1779932, at *3 (E.D. Cal. Apr. 29, 2010) (finding that an administrative claim for retaliation would reasonably trigger investigation into a failure to hire claim when plaintiff stated in the administrative complaint that "she was refused employment"). Looking at the scope of the allegations in the body of the complaint, the court does not believe that the DFEH would have reasonably investigated a failure to hire claim against the Westmont defendants.

IT IS THEREFORE ORDERED that the Westmont defendants'

motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction be, and the same hereby is, GRANTED.  Plaintiff's pending motion for leave to file an amended complaint, (Docket No. 31), is hereby DENIED as MOOT, and the hearing currently set for July 29, 2013, is VACATED.

The Clerk of Court shall enter judgment of dismissal and close the file.

DATED:  June 27, 2013

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE